## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Stacey Smeby, on behalf of herself and
all others similarly situated,

        Plaintiff,

vs.

Messerli & Kramer, P.A.,

        Defendant.

Civil No: 0:14-cv-05086-MJD-JJK

**PLAINTIFF'S MEMORANDUM
OF LAW IN OPPOSITION TO
DEFENDANT MESSERLI &
KRAMER, P.A.'S MOTION TO
DISMISS**

## INTRODUCTION

In its Memorandum of Law in Support of its Motion to Dismiss, Defendant Messerli & Kramer, P.A. ("Messerli") ***admits*** that it violated Minn. Stat. § 571.72, and "served a garnishment summons … which misstated the garnishee retention period." *Messerli Memo at 1.* Yet, Messerli argues that this admitted legal violation is somehow remedy-less under Minnesota law and the Fair Debt Collection Practices Act ("FDCPA"). This is absurd.

In numerous other cases involving alleged violations of Minnesota garnishment law, plaintiffs have been allowed to proceed with claims under the garnishment statutes and/or FDCPA. *See, e.g., Picht v. Hawks*, 236 F.3d 446 (8th Cir. 2001) (upholding FDCPA claim); *Reiss v. Messerli & Kramer, P.A.*, 2011 WL 5506290 (D. Minn. Nov. 10, 2011) (upholding FDCPA claim); *Gallagher v. Gurstel, Staloch & Chargo, P.A.*, 645 F. Supp. 2d 795 (D. Minn. 2009) (upholding claims under Minnesota garnishment statute

and FDCPA); *accord*, *Gorton v. Debt Equities, LLC*, 2009 WL 9073861 (D. Minn. July 13, 2009) (Keyes, J.) (awarding attorneys' fees to plaintiffs' counsel pursuant to settlement in case involving alleged "violations of the Fair Debt Collection Practices Act … [and] wrongful garnishment"). There is no reason to reach a different result here.

Each of the arguments raised by Messerli are meritless. Although Messerli argues that debt collectors are not subject to liability under Minnesota's garnishment statutes, this argument has been rejected by Judge Schiltz. *See Gallagher*, 645 F. Supp. at 805 ("Minnesota law "does not … permit[] a debt collector to violate § 571.71 or § 571.72 with impunity."). Although Messerli argues that it is not liable under the FDCPA because the relevant garnishment summons was sent to a third-party (Plaintiff's employer), it is undisputed that Plaintiff also "was provided with a copy," *Messerli Memo at 2*, and that the garnishment summons pertained to her. Finally, although Messerli argues that its misrepresentation of the expiration date of the garnishment summons was "immaterial," Minnesota law requires strict adherence to a statutorily-prescribed form for garnishment summonses, *see* Minn. Stat. § 571.74, and specifically provides that a "garnishment summons ***must state*** ... that after the expiration of the period of time specified [by law], the garnishee's retention obligation automatically expires." Minn. Stat. § 571.72, subd. 2(6) (emphasis added). Accordingly, this Court should deny Messerli's motion to dismiss in its entirety.

# BACKGROUND

## I.   Factual Background

This lawsuit arises out of Messerli's attempt to collect a judgment against Plaintiff.  *Complaint, ¶ 21.*   On November 3, 2006, judgment was entered against Plaintiff in connection with an underlying household debt.  *Id. at ¶¶ 22-23 & Ex. A.* Over seven years later, on January 7, 2014, Messerli sent a letter and garnishment summons to Plaintiff's employer, Walgreens, in an effort to garnish her paycheck.  *Id. at ¶ 24 & Exs. B-C.*  It is undisputed that Messerli sent Plaintiff a copy of this letter and garnishment summons.  *Id. at ¶ 24; Messerli Memo at 2* (admitting that "she was provided with a copy").

The garnishment summons stated: "You shall retain garnishable earnings, other indebtedness, money, or other property in your possession in an amount not to exceed 110 percent of the creditor's claim ... until the expiration of ***270 days*** from the date of service of this garnishment summons upon you ... ." *Id., ¶ 26 & Ex. C* (emphasis added). However, under Minnesota law, a post-judgment garnishment summons automatically expires 180 days after service.  *Id. at ¶ 27.*  Specifically, Minn. Stat. § 571.79 provides:

> If the garnishee was served with a garnishment summons before entry of judgment against the debtor by the creditor in the civil action and the garnishee has retained any disposable earnings, indebtedness, money, or property of the debtor, 270 days after the garnishment summons is served the garnishee is discharged and the garnishee shall return any disposable earnings, indebtedness, money, and property to the debtor.  ***If the garnishee was served with a garnishment summons after entry of judgment*** against the debtor by the creditor in the civil action and the garnishee has retained any disposable earnings, indebtedness, money, or property of the debtor, ***180 days after the garnishment summons is served the garnishee is discharged*** and the garnishee shall return any disposable earnings, other indebtedness, money, and property to the debtor.

*Id. at ¶ 8.*  Thus, Messerli admits that it "served a garnishment summons on Walgreens which misstated the garnishee retention period." *Messerli Memo at 1.*

This violation was not the result of mistake or inadvertence. *Id. at ¶ 14.*  As a law firm and experienced debt collector, Messerli is knowledgeable of Minnesota garnishment law, which places different time limitations on garnishment summonses depending on whether they are served before a judgment (in which case they are effective for up to 270 days) or after a judgment (in which case they are effective for up to 180 days). *Id.*  Yet, Messerli intentionally uses the same garnishment summons without regard to whether a judgment has been entered against the debtor. *Id.*

Indeed, Messerli purposely altered the form prescribed by Minn. Stat. § 571.74, by specifying a 270-day time limit in every garnishment summons (including garnishment summonses that are served after judgment already has been entered against the debtor), instead of filling in the appropriate time limitation provided by Minnesota law where the relevant ellipses appear on the form.[1]   *Id. at ¶ 15.*  Thus, Messerli's garnishment summonses were knowingly false, deceptive, and misleading. *Id. at ¶ 16.*

---

[1] Minnesota's statutorily-prescribed form for a garnishment summons is set forth in Minn. Stat. § 571.74. *Id. at ¶ 11.*  This form contains ellipses in the relevant portion of the form, where the party issuing the summons is supposed to fill in the appropriate amount of days, depending on whether the garnishment summons is served before or after judgment is entered against the debtor:

> You shall retain garnishable earnings, other indebtedness, money, or other property in your possession in an amount not to exceed 110 percent of the creditor's claim until such time as the creditor causes a writ of execution to be served upon you, until the debtor authorizes you in writing to release the property to the creditor, or until the expiration of ...... days from the date of service of this garnishment summons upon you, at which time you shall return the disposable earnings, other indebtedness, money, or other property to the debtor.")

*Id. at ¶ 11* (citing Minn. Stat. § 571.74 (ellipses in original)).

## II.     Procedural Background

Plaintiff filed this putative class action lawsuit in Hennepin County District Court on December 9, 2014.   On December 29, 2014, Messerli removed the action to this Court.   *See ECF No. 1*.   On January 8, 2015, Plaintiff filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a).[2]  *ECF No. 6*.   In her Amended Complaint, Plaintiff seeks statutory damages and other applicable relief against Messerli under Minnesota's garnishment statutes and the FDCPA.  *Id. at ¶¶ 43, 52*.

## LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).   To satisfy this standard, and to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual content that "state[s] a claim to relief that is plausible on its face."   *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

This plausibility standard is not akin to a "probability requirement."  *Id.*   Instead, a "plaintiff need only allege facts that permit the reasonable inference that the defendant is liable," even if it "strikes a savvy judge that actual proof of the facts alleged is improbable."  *Hamilton v. Palm*, 621 F.3d 816, 819 (8th Cir. 2010) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)).   Accordingly, "[w]hich inference will prove to be correct is not an issue to be determined by a motion to dismiss."  *Id.*   Instead, the Court must construe the complaint liberally and all reasonable

---

[2] The Amended Complaint dropped Discover Bank as a party.

inferences should be drawn in the plaintiff's favor. *Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002) ("In reviewing a motion to dismiss, we construe the complaint liberally"); *Braden*, 588 F.3d at 594 ("inferences are to be drawn in favor of the non-moving party.").

## ARGUMENT

### I.   MESSERLI UNDISPUTEDLY VIOLATED MINNESOTA'S GARNISHMENT STATUTES

The garnishment summons that Messerli served on Plaintiff and her employer (Walgreens) violated multiple provisions of Minnesota's Garnishment Code, Minn. Stat. ch. 571.

First, under Minn. Stat. § 571.79, a garnishment summons that is served after entry of judgment expires "180 days after the garnishment summons is served …"   In contravention of this statute, Messerli served a post-judgment garnishment summons that purported to be effective for 270 days instead of 180 days.  Thus, Messerli admits that the garnishment summons "misstated the garnishee retention period." *Messerli Memo at 1.*

Second, under Minn. Stat. § 571.72, subd. 2(6),  a "garnishment summons must state ... that after the expiration of the period of time specified in section 571.79 from the date of service of the garnishment summons, the garnishee's retention obligation automatically expires ..."  By failing to communicate the proper expiration date for the garnishment summons, Messerli violated this statute as well.

Third, Minn. Stat. § 571.72, subd. 7 states: "No creditor shall use a form that contains alterations or changes from the statutory forms that mislead debtors as to their rights and the garnishment procedure generally."  Minnesota's statutorily-prescribed form

for a garnishment summons is set forth in Minn. Stat. § 571.74.  This form does ***not***

contain across-the-board language stating that the garnishment summons expires 270

days after service.  To the contrary, the form includes ellipses where the party issuing the

summons is supposed to specify the appropriate time period, depending on whether the

garnishment summons is served before or after judgment is entered against the debtor.

Thus, Messerli also violated § 571.72, subd. 7 and § 571.74 by improperly altering

Minnesota's statutory garnishment form in a misleading manner.

Each of these statutes are specifically referenced in Plaintiffs' Amended

Complaint.  *See Amended Complaint, ¶¶ 8-11.*  Yet, Messerli conspicuously does not

deny that it violated these statutes.  Instead, its defense to Plaintiff's state law claim rests

entirely on the argument that Plaintiff has no private right of action against Messerli

under the Garnishment Code.  For the reasons discussed below, it is wrong.

## II.     THE GARNISHMENT CODE PROVIDES REDRESS FOR MESSERLI'S VIOLATIONS

Minnesota's garnishment statutes are not toothless.  To the contrary, they contain

two separate remedy provisions that are applicable here.

Specifically, Section 571.72, subd. 7 provides:

> If a court finds that a creditor has used a misleading [garnishment] form,
> the debtor shall be awarded actual damages, costs, reasonable attorneys'
> fees resulting from additional proceedings, and an amount not to exceed
> $100.

Minn. Stat. § 571.72, subd. 7.  Based on this statute, which is expressly referenced in the

Amended Complaint, Messerli is strictly liable for its use of a misleading garnishment

form that deviated from the statutorily-prescribed form as to the expiration date.

7

In addition, Section 571.90 provides:

> Any action by a creditor made in bad faith in violation of this chapter renders the garnishment void and the creditor liable to the debtor named in the garnishment in the amount of $100, actual damages, and reasonable attorneys' fees and costs.

Minn. Stat. § 571.90.  This statute is also applicable because Messerli acted in bad faith by "intentionally us[ing] the same garnishment summons without regard to whether a judgment has been entered" and "purposely alter[ing] the form prescribed by Minn. Stat. § 571.74."  *Amended Complaint, ¶¶ 14-15.*[3]

Although Messerli argues that these statutes do not provide a right of action against Messerli, because it purportedly is not a "creditor," this narrow construction was rejected in *Gallager*.  In that case, the plaintiff sued a debt collection law firm under Minnesota's garnishment statutes and the FDCPA, based on the fact that the defendant law firm issued garnishment summonses which specified an improper amount to be garnished.  *Id.* at 797.  In response to these claims, the defendant law firm filed a motion for summary judgment, asserting that it was immune from liability under state law. However, Judge Schiltz found there was no prohibition on claims against a debt collection law firm for violating Minn. Stat. §§ 571.71-571.72.  *Id.* at 806.  Although Messerli argues that the court's opinion did not address the "creditor" versus "debt

---

[3] Although the Amended Complaint does not specifically cite Section 571.90, it does cite the violations of the underlying Garnishment Code provisions that make relief under Section 571.90 appropriate, and further requests all "relief, in law or equity, as the Court deems necessary, just, and proper."  *Amended Complaint, ¶53(j).*  Accordingly, Plaintiff requests that the Court construe the Amended Complaint to incorporate Section 571.90 by implication.  This will not prejudice Messerli because Messerli already has addressed Section 571.90 in its Memorandum of Law.  In the alternative, Plaintiff requests leave to further amend her Complaint to add a separate count for relief under Section 571.90.

collector" distinction that Messerli raises here, an examination of the opinion in that case makes clear that the court was quite attuned to this purported distinction, and rejected it as a basis for evading liability:

> Section 571.90 explicitly permits a debtor to recover statutory and actual damages for "[a]ny action by a <u>creditor</u> made in bad faith and in violation of [Chapter 571]...."  Section 571.71, which is entitled "Garnishment; when authorized," authorizes a "<u>creditor</u>" to issue a garnishment summons "[a]s an ancillary proceeding to a civil action for the recovery of money" in three instances, each of which is explicitly tied to "a civil action." Similarly, § 571.72 authorizes a "<u>creditor</u>" to serve a garnishment summons only "[t]o enforce a claim asserted in a civil action venued in a court of record...." "<u>Creditor</u>" is defined for purposes of both § 571.71 and § 571.72 as "the party who has a claim for the recovery of money in the civil action ... and who is issuing or requesting the issuance of a garnishment summons." Minn. Stat. § 571.712, subd. 2(a). In short, Minnesota law authorizes garnishment *only* by litigants and *only* in connection with civil litigation. If, then, litigators were protected by a common-law litigation privilege from being held liable for a bad-faith violation of the garnishment statutes in the course of litigation, § 571.90 would be largely eviscerated.

*Id*. at 805 (underlined emphasis added).

Judge Schiltz's reasoning in *Gallagher* is sound, and applies equally to this case because (1) Messerli sought collection of the judgment, (2) Messerli issued the garnishment summons, and (3) Messerli altered the statutorily-prescribed form.  In other words, Messerli took all the steps that the garnishment statutes authorize only the creditor to take, and yet now claims – despite the opinion in *Gallagher* – that it is immune from liability.  If this were true, the protections built into the garnishment statues would be "largely eviscerated" because the vast majority of garnishment summonses are served by debt collection law firms such as Messerli.

To the extent that Judge Doty reached a different conclusion in *Salaimeh v. Messerli & Kramer, P.A.*, 2014 WL 6684970 (D. Minn. Nov. 25, 2014), that decision contains very little analysis and does not address Judge Schiltz's prior opinion or reasoning.   Moreover, *Salaimeh* is inconsistent with Judge Doty's prior ruling in *Alexander v. Ervin*, 2013 WL 6118665 (D. Minn. Nov. 21, 2013), which awarded statutory damages against a debt collector under Minn. Stat. § 571.90 and the FDCPA. Further, *Salaimeh* is inconsistent with at least one other case against a debt collector in this District.   *See Gorton v. Debt Equities, LLC*, 2009 WL 9073861 (D. Minn. July 13, 2009) (Keyes, J.) (awarding attorneys' fees to plaintiffs' counsel pursuant to settlement in case involving alleged "violations of the Fair Debt Collection Practices Act … [and] wrongful garnishment").   Thus, the weight of applicable authority under the garnishment statutes supports Plaintiff's interpretation of those statutes.

The other authority cited by Messerli in inapposite.   To the extent that Messerli cites FDCPA cases, those cases have no relevance to Plaintiff's state law claim, and are addressed below in the section of Plaintiff's brief relating to her FDCPA claim.   *See infra at 12 n.5*   To the extent that Messerli relies on *State ex rel. Swanson v. Messerli & Kramer, P.A.*, 2009 WL 1046869 (Minn. Ct. App. 2009), that opinion is also inapposite because it only addressed whether ***the State*** has a right of action under the Garnishment Code, and did not address Minn. Stat. §§ 571.72, subd. 7 or 571.90 because those statutes only provide a right of action to debtors (such as Smeby).[4]   Finally, Messerli's citation to

---

[4] The Court's discussion of the separate claims of the private litigants in *Swanson* focused on other issues, and does not discuss the Garnishment Code or garnishment procedures.

Minn. Stat. § 571.72, subd. 6 is a red herring because Plaintiff does not seek relief under subdivision 6.   Accordingly, Messerli's motion to dismiss Count 1 of Plaintiff's Amended Complaint should be denied.

### III.   MESSERLI ALSO VIOLATED THE FDCPA

In addition to being liable for its violations of Minnesota's garnishment statutes, Messerli is also liable as a debt collection law firm for violating the FDCPA. Specifically, Messerli violated 15 U.S.C. § 1692e(4)-(5) by serving an unlawful garnishment summons in an attempt to collect a debt, and also violated 15 U.S.C. § 1692f because its use of this unlawful garnishment summons was unfair and unconscionable.

### A.   Violations of State Law in Connection with the Collection of a Debt Constitute Violations of 15 U.S.C. § 1692e(4)-(5)

There is perhaps no clearer violation of the FDCPA than when a debt collector engages in unlawful garnishment practices in an effort to collect a debt.   The FDCPA expressly provides:

> [T]he following conduct is a violation ... (4) The representation or implication that nonpayment of any debt will result in ... the seizure, ***garnishment***, attachment, or sale of any property or wages of any person ***unless such action is lawful*** and the debt collector or creditor intends to take such action. ... [and] (5) The threat to take ***any action that cannot legally be taken*** or that is not intended to be taken.

15 U.S.C. § 1692e(4)-(5) (emphasis added).   Based on this statutory language, the Eighth Circuit has held that "[t]he FDCPA prohibits, *inter alia*, the use of debt collection practices that violate state law."   *Picht*, 236 F.3d at 448 (citing 15 U.S.C. § 1692e(5)); *see also Duffy v. Landberg*, 215 F.3d 871, 873-875 (8th Cir. 2000).   In fact, the Eighth Circuit specifically held in *Picht* that a debt collector violates the FDCPA if it "attempt[s]

to use the garnishment procedure" in a manner is "not authorized under Minnesota law[.]"   *Id.* at 451.   Thus, Messerli is clearly liable under the FDCPA for serving a garnishment summons on Plaintiff and her employer that violated Minnesota law.   *See id.*; *Reiss v. Messerli & Kramer, P.A.*, 2011 WL 5506290, at *6 (D. Minn. Nov. 10, 2011) ("A debt collector's misuse of garnishment procedures may constitute a violation of the FDCPA, and M & K has offered no argument to the contrary.") (citing *Picht*, 236 F.3d at 448); *Miller v. Gurstel, Staloch & Chargo, P.A.*, 2011 WL 1404971, at *2 (D. Minn. Apr. 13, 2011) (granting partial summary judgment in favor of plaintiff because service of improper garnishment summons violated 15 U.S.C. § 1692e).[5]

Notably, Messerli makes no effort to address the language of 15 U.S.C. § 1692e(4) or (5) in its Memorandum of Law – even though both provisions are expressly referenced in the Amended Complaint.   *See Amended Complaint, ¶¶ 18, 50(a)-(b).*   Instead, it quotes from a separate subsection of the statute, 15 U.S.C. § 1692e(2), which prohibits false representations regarding "the character, amount, or legal status" of any debt.   *Messerli Memo at 8.*   That provision has no application here because it does not form the basis for

---

[5] The cases cited by Messerli are not to the contrary.   Rather, the FDCPA claims in each of those cases were dismissed because underlying conduct did not violate the Minnesota garnishment statutes.   *See Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 409 (8th Cir. 2012) (finding no FDCPA claim where "defendants acted pursuant to the Minnesota garnishment statute"); *Ertle v. Press*, No. 3-95-90, 1995 U.S. Dist. LEXIS 22118, *4 (D. Minn. May 3, 1995) (Davis, J.) ("As defendants' actions with regard to the debt collection was in accordance with the Minnesota Statutes, such actions cannot form the basis for claims under the FDCPA.").   Here, Plaintiff states valid FDCPA claims, in part, because Messerli undisputedly violated the Minnesota garnishment statutes.   *See supra* at 6-7.

Plaintiff's FDCPA claim, and it is misleading for Messerli to quote this subsection (without attribution) in an attempt to mischaracterize the legal issues in this case.

Messerli also fails to acknowledge, much less address, the Eighth Circuit's decision in *Picht*, which is binding and directly on point. Instead, it relies on inapposite cases (many of them from other circuits or districts) in an effort to engraft legal elements onto the FDCPA that do not exist. In *Picht*, the Eighth Circuit held that "strict liability" is imposed upon debt collectors by the FDCPA. *Picht*, 236 F.3d at 451; *see also Reiss*, 2011 WL 5506290, at *3 ("The FDCPA … is a broad remedial statute that imposes strict liability on debt collectors, and its terms are to be applied in a liberal manner") (internal quotation marks and citation omitted); *Ericksen v. Johnson*, 2006 WL 453201, at *2 (D. Minn. Feb. 22, 2006) (Davis, J.) ("The FDCPA is a strict liability statute.") (citing *Picht*). This Court should reach the same result here.

### 1. It Is No Defense that the Unlawful Garnishment Summons Was Sent to a Third Party

Messerli argues that "a collector cannot violate the FDCPA through a false representation made to a third party, rather [than] directly to the plaintiff.' *Messerli Memo at 7-8.* However, this purported defense fails both on the facts and as a matter of law.

In the present case (unlike the cases cited by Messerli), it is undisputed that Messerli sent the garnishment summons to Plaintiff: (1) the cover letter that accompanied the summons indicates that it was sent to Plaintiff (*Amended Complaint, Ex. B*); (2) Plaintiff specifically alleges that she received a copy of the summons (*Amended*

*Complaint, ¶ 24*); and (3) Messerli admits in its brief that "she was provided with a copy." *Messerli Memo at 2.* It is therefore unclear why Messerli seeks dismissal of Plaintiff's FDCPA claim on the ground that the garnishment summons was sent to a third party. All garnishment summonses are sent to third parties, but this does not mean that they are not also directed to the debtor. In fact, service of the garnishment summons on the debtor is legally required under Minnesota law. *See* Minn. Stat. § 571.72, subd. 4 ("A copy of the garnishment summons and copies of all other papers served on the garnishee must be served by mail at the last known mailing address of the debtor …").

In any event, the Eighth Circuit has rejected the type of argument raised by Messerli here. *See Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 818-19 (8th Cir. 2012) ("We are unwilling to adopt the district court's broad ruling that false statements not made directly to a consumer debtor are never actionable under § 1692e. No other court has read the statute that narrowly."); *Richmond v. Higgins*, 435. F.3d 825, 838 (8th Cir. 2006). It is less than candid for *Messerli* to fail to acknowledge this binding precedent, while citing inapposite cases from other circuits. *See Messerli Memo at 8* (citing *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934-39 (9th Cir. 2007); *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 943 (7th Cir. 2011)). The only Eighth Circuit or District of Minnesota case that Messerli relies upon in the relevant section of its brief is *Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 954 (8th Cir. 2006). However, that case is factually distinguishable because the debtor never received a copy of the communication at issue in *Volden*. Moreover, in *Hemmingsen*, the Eighth Circuit expressly distinguished *Volden* as "a factually complex case" that did not

14

establish a legal precedent that false statements must be made directly to the consumer. *Hemmingsen*, 674 F.3d at 818.  Accordingly, Messerli's "third party" defense fails.

## 2.    Messerli's Purported "Materiality" Defense Also Fails

Messerli next argues that "in order for a false statement to be actionable under the FDCPA, it must be material."  *Messerli Memo at 8.*  However, this defense also fails.

Section 1692e broadly prohibits "___*any*___ false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e (emphasis added).  The word "material" is not found anywhere in this Section. Although there may be room for debate as to whether certain representations in particular cases violate the statute, Section 1692e goes on to itemize specific conduct that "is a violation of this section."  15 U.S.C. § 1692e(1)-(16).  By definition, this conduct (which includes the conduct in Section 1692(e)(4)-(5) at issue here) is deemed sufficiently egregious to trigger liability under the FDCPA.

In light of this statutory framework, Messerli cannot argue that its misconduct should be excused because it was not "material."  In fact, this argument previously has been rejected in this District on precisely this basis:

> JCC's third argument, which appears to be directed only at [plaintiff's] § 1692e claim, is that even if the messages could be viewed as deceptive or misleading "in some technical sense, there was not material misrepresentation." … But as explained previously, the statute specifically lists the failure to disclose that the communication is from a debt collector as being false, deceptive, or misleading and a violation of § 1692e. It necessarily follows that because the failure to disclose is specifically listed as being a violation of the FDCPA, that such a failure to disclose is material.

*Mark v. J.C. Christensen & Assocs., Inc.*, 2009 WL 2407700, at *4 (D. Minn. Aug. 4, 2009).

Moreover, even if materiality were a defense to legal liability for the specifically enumerated conduct that constitutes "a violation" of Section 1692e *per se*, the service of an unlawful garnishment summons that purports to extend the period for withholding someone's wages 50% longer than allowed by law is obviously a material violation. Because of the materiality of the garnishment period, it is specifically required to be disclosed by statute. *See* Minn. Stat. § 571.72, subd. 2(6). Furthermore, aside from the fact that disclosure of the garnishment period is statutorily required, case law in this District confirms that false statements and other misconduct relating to a garnishment are considered "material":

> [Defendant] argues that, even if Schotsko's statement was false, the statement did not violate the FDCPA because it was not "material." The Court disagrees. A false statement to Fiers about his rights—or the rights of his girlfriend and children—to challenge the garnishment of money owned by his girlfriend and children would be material.

*Billiar v. Atl. Credit & Fin., Inc.*, 2011 WL 3418196, at *4 n.4 (D. Minn. Aug. 4, 2011); *see also supra* at 11-12 (citing Eighth Circuit and District of Minnesota cases upholding FDCPA claim based on improper conduct in connection with a garnishment).

Messerli's overstatement of the garnishment period in this case is closely analogous to the type of overstatement that the Eighth Circuit considered in *Duffy*. In that case, a consumer prevailed against a debt collector who told him he that could be liable "in the amount of $100" for bouncing a check, rather than "up to" $100 as allowed by Minnesota law:

> "[The defendant's] letters to debtors state that in addition to being liable for the amount of the bounced check, 'Minnesota state law provides the following ... civil penalty in the amount of $100.00.' However, Minnesota law actually provides that the issuer of a dishonored check is liable for 'the amount of the check plus a civil penalty of *up to* $100 or up to 100 percent of the value of the check, whichever is greater.' Minn. Stat. Ann. § 332.50 Subd. 2(a)(1) (emphasis supplied). Although the distinction between saying a debtor is liable under Minnesota law for $100 and the actual provision that the debtor is liable for *up to* a $100 civil penalty is a subtle one, we find there is, in fact, a difference . . . This violated the FDCPA because it was a misleading representation of Minnesota law. *See* 15 U.S.C. § 1692e."

*Duffy*, 215 F.3d at 873-875 (8th Cir. 2000).  Messerli's misrepresentation of state law in this case is no less material than the defendant's statement in *Duffy*.  Indeed, it is even more egregious because it was at least possible in *Duffy* that a $100 civil penalty could be awarded, whereas there is no authority for seeking to garnish a debtor's wages for more than 180 days in a post-judgment garnishment summons.

The case law cited by Messerli does not support its purported "materiality" defense.  Contrary to Messerli's argument, the Eighth Circuit has ***not*** held that "in order for a false statement to be actionable under the FDCPA, it must be material."  *See Messerli Memo at 8* (citing *McIvor v. Credit Control Servs., 773 F.3d 909, 2014 WL 6805380 (8th Cir. 2014)).  Indeed, the words "material" and "immaterial" are nowhere to be found in the Eighth Circuit's opinion in the cited case.  To the extent that such a requirement has been imposed in the other cases cited by Messerli, they are distinguishable on their face because they involved trivial misstatements – not misrepresentations of law such as the ones prescribed by 15 U.S.C. § 1692e(4)-(5).  *See Messerli Memo at 9* (citing, for example, *Neill v. Bullseye Collection Agency, Inc.*, 2009 WL 1386155 at *2 (D. Minn. May 14, 2009) (collector's mistaken labeling of a letter to

17

consumer as "SECOND NOTICE!!!," when the letter was actually the third notice, was not material)).

Finally, to the extent that Messerli's purported materiality defense is predicated on a "no harm, no foul" argument, *see Messerli Memo at 10* (arguing that "Ms. Smeby does not allege that any wages were actually withheld by virtue of the garnishment"), this argument is unsupported by any case law whatsoever. "Proof of deception or actual damages is not necessary to make a recovery under the FDCPA." *Picht v. John R. Hawks, Ltd.,* 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999), *aff'd*, 236 F.3d 446 (8th Cir. 2001); *see also Pulsifer v. Prof. Recovery Pers., Inc.*, 2011 WL 5411494, at *2 (D. Minn. Nov. 8, 2011) ("[T]he FDCPA permits recovery of statutory damages even in the absence of actual damages, and numerous courts have recognized that actual damages are not required for standing under the FDCPA.") (citations and internal quotation marks omitted). Accordingly, Messerli has no basis for seeking to dismiss Plaintiff's claim under 15 U.S.C. § 1692e(4)-(5).

**B.    Messerli's Conduct Also Was Unfair and Unconscionable in Violation of  15 U.S.C. § 1692f**

In addition to violating Section 1692e(4)-(5), Messerli also violated Section 1692f. This Section provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Because Messerli's garnishment summons specified an excessive withholding period in violation of state law, service of that summons on Plaintiff was obviously unfair and unconscionable. It is well-established that Section 1692f claims "can be premised on a violation either of a

Minnesota statute or common law." *Backlund v. Messerli & Kramer, P.A.*, 964 F. Supp. 2d 1010, 1016 (D. Minn. 2013) (citation omitted).   This includes violations of Minnesota's garnishment statutes.   *See id.* (upholding claim that "garnishment without proper notice supports a violation of 15 U.S.C. § 1692f(1)"); *Riess*, 2011 WL 5506290, at *3 (debt collector's misuse of garnishment procedures supported claim under Section 1692f); *Gallagher*, 645 F. Supp. at 805 (violations of Minn. Stat. § 571.72 supported FDCPA claim under Section 1692f).

Although Messerli argues that violations of Section 1692f may not be "premised on conduct addressed by other specific FDCPA provisions," *Messerli Memo at 10-11*, this argument fails for at least three reasons.   **_First_**, these sections of the statute are not mutually exclusive.   *See Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 536 (6th Cir. 2014) ("While 'misleading' practices under § 1692e and "unfair" practices under § 1692f reference separate categories of prohibited conduct, they are broad, potentially overlapping, and are not mutually exclusive.").[6]   For example, the plaintiff in *Riess* was allowed to proceed with claims against Messerli under both Sections 1692e and 1692f based on its unlawful garnishment practices.   *See Riess*, 2011 WL 5506290, at *5;

---

[6] *Accord*, *Heintz v. Jenkins*, 514 U.S. 291, 293 (1995) (affirming courts of appeals order allowing plaintiff to proceed with FDCPA claims where plaintiff "claimed that Heintz's letter violated the Act's prohibitions against trying to collect an amount not 'authorized by the agreement creating the debt,' § 1692f(1), and against making a 'false representation of ... the ... amount ... of any debt,' § 1692e(2)(A)"); *Duffy v*, 215 F.3d at 875 (8th Cir. 2000) ("This violated the FDCPA because it was a misleading representation of Minnesota law.   *See* 15 U.S.C. § 1692e ... Finally, although the interest calculations were admittedly only slightly overstated, the letters seeking these overstated interest charges were nonetheless an attempt to collect interest not permitted by law, and therefore a violation of the plain language of section 1692f(1)").

accord, *Bryant v. Bonded Account Serv./Check Recovery, Inc.*, 208 F.R.D. 251, 258 (D. Minn. 2000) (allowing plaintiff to proceed with claims under Sections 1692e and 1692f).[7]

**_Second_**, even if these two Sections of the FDCPA were mutually exclusive – which they are not – Messerli does not concede that its conduct is unlawful under Section 1692e.

**_Third_**, Plaintiff is entitled to plead alternative claims under Fed. R. Civ. P. 8(d).  *See Johnson v. Brock & Scott, PLLC*, 2012 WL 4483916, at *16 (W.D.N.C. Sept. 27, 2012) ("[E]ven if 1692f and 1692e are mutually exclusive, Defendants are not entitled to judgment on the pleadings because Plaintiff is free to plead alternative claims.").  For all of these reasons, Messerli's motion to dismiss Plaintiffs' FDCPA claim under 15 U.S.C. §1692f  also should be denied.

## IV.    PLAINTIFF PROPERLY SEEKS INJUNCTIVE RELIEF

Finally, this Court also should deny Messeli's motion, to the extent that it seeks to strike or dismiss Plaintiff's prayer for injunctive relief in her Amended Complaint. Although Messerli cites case law suggesting that injunctive relief is unavailable under the FDCPA, it does not cite any authority suggesting that injunctive relief is unavailable for violations of state garnishment law.  To the contrary, the Minnesota Court of Appeals has affirmed an order granting injunctive relief to the debtor in a wrongful garnishment case. *See Glacial Plains Co-op. v. Hughes*, 705 N.W.2d 195 (Minn. Ct. App. 2005).  In any event, this Court has inherent authority to grant injunctive relief to prevent further legal

---

[7] To the extent that Judge Ericksen determined that Sections 1692e and 1692f are mutually exclusive in her opinion in *Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945, 953 (D. Minn. 2008), her opinion is inconsistent with this case law (and the other case law cited above), and did not involve an FDCPA claim based on an unlawful garnishment.

violations.  *See Taylor v. Rice*, 2012 WL 246014, at *8 (D. Minn. Jan. 6, 2012) ("Plaintiff

can rely on the inherent authority to issue injunctive relief that emanates from [28 U.S.C.]

§ 1331.").

## **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny

Messerli's motion to dismiss in its entirety.

Respectfully submitted,

Dated:  February 12, 2015          /s/ Kai H. Richter
                                   Kai H. Richter (#296545)
                                   David J. Carrier (#393582)
                                   NICHOLS KASTER, PLLP
                                   80 South Eighth Street
                                   Minneapolis, MN 55402
                                   T (612) 256-3200
                                   F (612) 338-4878
                                   krichter@nka.com
                                   dcarrier@nka.com

                                   Jonathan L. R. Drewes (#387327)
                                   Bennett Hartz (#393136)
                                   DREWES LAW, PLLC
                                   1516 West Lake Street, Ste 300
                                   Minneapolis, MN 55408
                                   T (612) 285-3064
                                   F (612) 285-3062
                                   jon@dreweslaw.com
                                   bennett@dreweslaw.com

                                   ***Attorneys for Plaintiff***