# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Stacey Smeby, on behalf of herself and all others similarly situated, | Civil No. 14-5086 (MJD/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Messerli & Kramer, P.A., | |
| Defendant. | |

Bennett Hartz, Esq., and Jonathan L R Drewes, Esq., Drewes Law, PLLC; and David J. Carrier, Esq., and Kai H. Richter, Esq., Nichols Kaster, PLLP, counsel for Plaintiff.

Aram V. Desteian, Esq., and Christopher R. Morris, Esq., Bassford Remele, PA, counsel for Defendant.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

In this putative class action, the plaintiff, Stacy Smeby, seeks damages and injunctive relief from the defendant, Messerli & Kramer, P.A. ("Messerli"), for alleged violations of Minnesota's garnishment statutes and the Fair Debt Collection Practices Act ("FDCPA"). (Doc. No. 6, Am. Compl. ¶ 1.) Messerli moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on grounds that Smeby has failed to state a claim on which relief can be granted. (Doc. No. 9, Mot. to Dismiss.) The District Court referred the motion to this Court for a report and recommendation in

accordance with 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.  On Wednesday, March 25, 2015, the Court held a hearing on the motion at which the parties were represented by counsel.  Based on Messerli's motion and supporting memoranda, Smeby's opposition, and on the arguments of counsel presented at the hearing, this Court recommends that Messerli's motion be granted in part and denied in part.

Messerli's motion to dismiss Smeby's unlawful garnishment claim (Count I) should be granted for two reasons.  First, Minnesota's garnishment statutes do not create a cause of action that a debtor can bring in a collateral proceeding such as this; instead the unlawful garnishment claim Smeby asserts must be made in the underlying collection action.  Second, Smeby failed to plead facts showing that Messerli is a "creditor."  This conclusion does not, as Smeby contends, eviscerate the remedies available for violations of the garnishment statutes.  To the contrary, Minnesota's garnishment statutes allow a debtor to pursue relief in the underlying collection action from a party that is actually a creditor.  This case is, of course, not the underlying collection action.  And although Smeby sued a party, Discover Bank, that likely fit the definition of "creditor" when she commenced this collateral proceeding, she later voluntarily dismissed that party and amended her complaint to proceed against Messerli alone.  This did not, however, transform Messerli into a creditor.

On the other hand, Smeby has stated a claim against Messerli under the FDCPA.  Messerli argues that Smeby's Amended Complaint does not allege a

"material" violation of the FDCPA, but Smeby plausibly alleges that in an attempt to collect a debt from her, Messerli made a misleading representation in a garnishment summons that Messerli sent to Smeby.  That alleged misrepresentation could have induced Smeby to pay the debt in violation of one or more provisions of the FDCPA.  Accordingly, this Court concludes that Messerli's motion to dismiss Smeby's FDCPA claim (Count II) should be denied.

## FACTUAL BACKGROUND

Smeby incurred certain debts for personal, family, or household purposes. (Am. Compl. ¶ 22.)  She owed those debts to Discover Bank, which was a party to this action when it began.[1]  (*Id.* ¶ 23, Ex. A.)  To collect those debts, Discover Bank filed a civil suit against Smeby in state district court in October 2006.  (Am. Compl. ¶ 23, Ex. A.)  Messerli represented Discover Bank in the state-court collection action.  (*See id.* (listing counsel of record for Discover Bank as a Messerli attorney); *see also* Am. Compl., Ex. C at 2 (signature block on garnishment summons indicating Messerli represented Discover Bank, the "Plaintiff/Creditor").)  The state court entered judgment against Smeby in the collection action in November 2006.  (Am. Compl. ¶ 23; *id.*, Ex. A.)

Over seven years after the state court entered judgment, in an attempt to collect on the judgment, Messerli sent a letter and garnishment summons to Smeby's employer and sent copies of each to Smeby as well.  (Am. Compl. ¶ 24,

---

[1]      Smeby voluntarily dismissed her claims against Discover Bank shortly after this action commenced.  (Doc. No. 5, Notice of Voluntary Dismissal.)

Exs. B & C.)  The letter contained a notice that "THIS COMMUNICATION IS

FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT."

(*Id.* ¶ 25, Ex. B (emphasis in original).)  And the garnishment summons informed

the "garnishee" (Smeby's employer) of the following:

> You shall retain garnishable earnings, other indebtedness,
> money, or other property in your possession in an amount not to
> exceed 110 percent of the creditor's claim until such time as the
> creditor causes a writ of execution to be served upon you, until the
> debtor authorizes you in writing to release the property to the
> creditor, or until the expiration of 270 days from the date of service of
> this garnishment summons upon you, at which time you shall return
> the disposable earnings, other indebtedness, money, or other
> property to the debtor.

(*Id.* ¶ 26, Ex. C at 1.)

Based on these facts, Smeby asserts two causes of action against

Messerli.  First, in Count I, Smeby asserts that Messerli violated Minnesota

Statutes § 571.72, subd. 7, which prohibits creditors from using garnishment

forms that change or alter statutory forms in a manner "that mislead[s] debtors as

to their rights and the garnishment procedure generally."  (Am. Compl. ¶¶ 40-41.)

According to Smeby, the garnishment summons that Messerli sent to Smeby's

employer included an unlawful change or alteration to the statutory garnishment

summons form provided in Minn. Stat. § 571.74 because it included a 270-day

retention period for the garnishment of Smeby's wages, rather than a 180-day

retention period.  (*Id.* ¶¶ 8-16.)  The basis for this assertion is that another

provision in Minnesota's garnishment statutes provides that for post-judgment

garnishments, a garnishee is discharged from the obligation to retain the debtor's

4

property after 180 days, whereas the 270-day period applies only to pre-judgment garnishment.  Minn. Stat. § 571.79.  Smeby further alleges that Messerli did not include the wrong retention period for the Smeby's employer in the garnishment summons by accident.  Rather, she contends that Messerli is "knowledgeable of Minnesota garnishment law" and "intentionally uses the same garnishment summons without regard to whether a judgment has been entered against the debtor."  (Am. Compl. ¶ 14.)

In Count II of Smeby's Amended Complaint, she alleges that the "post-judgment garnishment summons that Messerli served on January 7, 2014 in connection with the collection of Smeby's debt was unlawful under Minn. Stat. §§ 571.72, 571.74, and 571.79, as it purported to be effective for up to 270 days instead of 180 days."  (Am. Compl. ¶ 45.)  She alleges that Messerli intentionally served the summonses "for the purpose of inducing payment in connection with the collection of [Smeby's] debt[.]"  (*Id.* ¶ 46.)  Thus, Smeby contends that Messerli's service of the post-judgment garnishments summonses violated the FDCPA "by serving unlawful post-judgment garnishment summonses, and misrepresenting that such summonses were effective for up to 270 days where such summonses were only lawfully effective for up to 180 days," and "by threatening to take legal action that could not lawfully be taken."  (*Id.* ¶ 50(a)-(b).)  According to Smeby, these acts violated 15 U.S.C. § 1692e(4), which prohibits a debt collector from using any false, deceptive, or misleading representation in connection with the collection of a debt, including a "representation or implication

5

that nonpayment of any debt will result in  . . . the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action," and a "threat to take any action that cannot legally be taken or that is not intended to be taken."  (*Id.* ¶ 18 (citing 15 U.S.C. § 1692e(4)-(5))).)  Further, Smeby asserts that Messerli's service of the summons containing the inaccurate retention period violated 15 U.S.C. § 1692f, which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  (*Id.* ¶ 19 (citing 15 U.S.C. § 1692f).)

Finally, in her prayer for relief, Smeby seeks "appropriate equitable relief, including but not limited to an order prohibiting Messerli from engaging in the unlawful conduct set forth [in the Amended Complaint], and requiring Mesesrli to issue corrective garnishment summonses as appropriate."  (Am. Compl. ¶ 53(g).)

In its motion to dismiss, Messerli asks the Court to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6).  Messerli contends that Smeby has failed to state any claim for which relief can be granted in her Amended Complaint under Minnesota's garnishment statutes, the FDCPA, or for injunctive relief.  (Doc. No. 9; Doc. No. 10, Messerli's Mem. of Law in Supp. of Mot. to Dismiss ("Def.'s Mem.").)

**DISCUSSION**

## I.   Legal Standard for a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6), a party may move to dismiss a claim if, based on the pleadings, a party has failed to state a claim upon which relief may be granted. In reviewing a motion to dismiss, the Court takes all the facts alleged in the complaint to be true. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). The Court need not accept a plaintiff's legal conclusions. *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 547 (2007).

In deciding a motion to dismiss, a court can consider "the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint." *PureChoice, Inc. v. Macke*, Civ. No. 07-1290, 2007 WL 2023568, at *5 (D. Minn. July 10, 2007) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

## II.   Unlawful Garnishment Claim

Messerli contends that Smeby fails to state an unlawful garnishment claim because Messerli is not a "creditor" to whom the relevant Minnesota garnishment statutes apply. Messerli also asserts that Smeby has failed to state an unlawful garnishment claim because Minnesota's garnishment statutes provide no independent cause of action permitting someone in Smeby's shoes to

pursue litigation collateral to the underlying collection action.  (Def.'s Mem. 3-7.)
The Court finds both of these arguments persuasive.

Smeby claims that she is entitled to statutory damages and fees under
Minn. Stat. § 571.72, subd. 7. (Am. Compl., Count I ¶¶ 39-43.)  That statute
applies to "creditor[s] who use forms that mislead debtors."  However, Messerli is
not a creditor.  A "creditor" is a "party who has a claim for the recovery of money
in the civil action . . . *and* who is issuing or requesting the issuance of a
garnishment summons."  Minn. Stat. § 571.712, subd. 2(a) (emphasis added).
Actions against non-creditors are not allowed under the relevant Minnesota
garnishment statutes.  *See Salaimeh v. Messerli & Kramer, P.A.*, 2014 WL
6684970, slip op. at 5 (D. Minn. Nov. 25, 2014) (finding similar in the context of
summary judgment).  Plaintiff alleges only that Messerli issued the summons, but
she has not alleged any facts showing that Messerli is a "party who has a claim
for the recovery of money."  (*See generally* Am. Compl.)  Her pleadings show
that her creditor was a third party whom Messerli represented—Discover Bank.

Relying on *Gallagher v. Gurstel, Staloch & Chargo, P.A.*, 645 F.Supp.2d
795 (D. Minn. 2009), Smeby argues that Mersserli must be a creditor because a
contrary conclusion would eviscerate the purpose behind the garnishment
statutes.  (Doc. No. 15, Pl.'s Mem. of Law in Opp'n to Def. Messerli & Kramer,
P.A.'s Mot. to Dismiss ("Pl.'s Mem."), 8-9.)  Smeby's reliance on *Gallagher* is
misplaced. In that case, the court addressed the question whether there was a
litigation privilege under Minnesota common law that prohibited claims against

8

litigants for violating the statute. *Gallagher*, 645 F. Supp. 2d at 805.  The court in *Gallagher* did not address whether a party situated as Messerli is in this case can be a "creditor" as defined by Minnesota's garnishment statutes.  The garnishment statutes still permit a debtor to seek a remedy from a party who has a claim for the recovery of money and who requests the issuance of a garnishment summons.  *See* Minn. Stat. § 571.712, subd. 2(a).  That remedy against a creditor is not eviscerated by an interpretation that a debt collector who does not actually have a claim against the debtor for the recovery of money, but sends out a garnishment summons on the creditor's behalf, is not a creditor.  The law simply restricts these types of suits to parties that hold debt, such as Discover Bank in this case.  The Court concludes that Messerli, in this case, is not a "creditor" as defined in the plain language of Minnesota's garnishment statutes.

Messerli also argues that Smeby's complaint fails to state a claim under the Minnesota garnishment statutes because those statutes do not provide a cause of action subsequent to and independent from the original proceedings. (Def.'s Mem. 6-7.)  The Minnesota Court of Appeals addressed the same argument in *State ex rel. Swanson v. Messerli & Kramer, P.A.*, Nos. A08-0415, A08-0551, 2009 WL 1046869 (Minn. Ct. App. Apr. 21, 2009).  As Smeby attempts to do here, the plaintiff in *Swanson* attempted to bring suit against a debt collector subsequent to the original proceedings under Minn. Stat. § 571.72. *Swanson*, 2009 WL 1046869 at *1.  In *Swanson*, the court upheld the district court's decision that the plaintiff "did not have an independent cause of action

9

under the levy and garnishment statutes," including Minn. Stat. § 571.72 (2008).

*Id.* at *4.[2]   The Court concludes that, because Messerli is not a creditor as

defined by Minn. Stat. § 571.712, subd. 2(a), and because Minnesota law does

not grant an independent cause of action under Minn. Stat. § 571.72 subsequent

to the original proceedings, Smeby has failed to state a claim of unlawful

garnishment against Messerli under Minn. Stat. § 571.72, subd. 7.

## III.   FDCPA Claim

Messerli contends that Smeby has failed to state an FDCPA claim

because: (1) it directed the garnishment summons to a third-party, not to

Smeby;[3] (2) its inclusion of the incorrect 270-day retention period in the

garnishment summons was not "material"; and (3) Messerli cannot be liable

under 15 U.S.C. § 1692f for the same conduct that Smeby alleges violates other

provisions of the FDCPA.  (Def.'s Mem. 7-11.)

Messerli's second contention fails because the determination of whether or

not its alleged violation was "material" should not be made on a motion to

---

[2]   Smeby argues that *Swanson* is "inapposite because it only addressed whether *the State* has a right of action under the Garnishment code."  (Pl.'s Mem. 10 (emphasis in original).)  The *Swanson* court actually found that the State had standing to institute litigation, but that the garnishment statutes did not provide a cause of action independent from the original proceedings.  *Swanson*, 2009 WL 1046869 at *4.  The *Swanson* court's analysis and conclusion is relevant to Smeby's case.

[3]   This contention fails because the allegations in the Amended Complaint plainly show that Messerli sent the garnishment summons to Smeby. (Am. Compl. ¶¶ 24-27.)

dismiss.  Smeby cites case law exhorting the FDCPA as a statute to be liberally construed for strict liability against violators.  *See, e.g., Picht v. John R. Hawks*, 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999), *aff'd*, 236 F.3d 446 (8th Cir. 2001). Messerli asserts that this strict liability should only extend to situations where the violation, however minor, "would [have been] consequential to a consumer's decision-making," and cites cases supporting a standard of materiality.  (Def.'s Corrected Reply Mem. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Corr. Reply") 9-10 (citations omitted).)  The purpose of the FDCPA is to protect consumers "and they don't need protection against false statements that are immaterial in the sense that they would not influence a consumer's decision[.]"  *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009) (citing *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 056 (8th Cir. 2002)).  In this case, however, the Court finds that it is plausible that a debtor seeing that funds would be retained for 270 days, rather than 180, might feel more heavily pressured to pay the debt.  In other words, the materiality of the violation is a question of fact, and therefore unsuitable for resolution on a motion to dismiss for failure to state a claim.

Messerli's argument for dismissal of claims under 15 U.S.C. § 1692f that are predicated on the same underlying offense as other claims under the FDCPA is also unavailing.  In general, a party is not restricted from setting out two or more "statements of a claim . . . alternatively or hypothetically, either in a single count . . . or separate ones. If a party makes alternative statements, the pleading

is sufficient if any one of them is sufficient."  Fed. R. Civ. P. 8(d)(2).  Courts

disagree on whether or not claims levied under 1692f and other provisions of the

FDCPA such as 1692e are mutually exclusive.  *Compare Currier v. First*

*Resolution Inv. Corp.*, 762 F.3d 529, 536 (6th Cir. 2014) (discussing the

legislative history of the Act and that a debt collector's action may very well

infringe on conduct proscribed by provisions in 1692e and 1692f) *and Duffy v.*

*Landberg*, 215 F.3d 871, 875-76 (8th Cir. 2000) (finding a debt collector in

violation of both 1692e(5) and 1692f(1) for the same conduct, without discussion

of mutual exclusivity) *with Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945,

953 (D. Minn. 2008) ("Congress enacted Section 1692f to catch conduct *not*

*otherwise covered* by the FDCPA.") (emphasis added) (citing S. Rep. No. 95-

382, at 4 (Aug. 2, 1977)).  Still other courts have determined that, however

exclusive the remedies between these sections may be, a defendant is not

entitled to judgment on the pleadings because a plaintiff is free to plead

alternative claims.  *See, e.g.*, *Johnson v. Brock & Scott, PLLC*, 2012 WL

4483916, at *16 (W.D.N.C. Sept. 27, 2012).  The Court concludes that dismissal

of Smeby's 1692f claim is inappropriate at this stage in litigation.  After

development of the record has occurred, facts may emerge that establish that

Smeby's claim falls solely under 1692e or 1692f.[4]  For now, however, the Court

concludes that Smeby has stated a plausible claim under either 1692e or 1692f.

_____

[4]      The Court notes that Messerli has not conceded that Smeby has a viable
                                (Footnote Continued on Following Page)

### IV.    Injunctive Relief

Finally, Messerli asks the Court to dismiss Smeby's claim for injunctive

relief on grounds that the FDCPA only permits an action to recover damages.

(Def.'s Mem. 11.)  Case law supports this contention.  *See, e.g.*, *Weiss v. Regal*

*Collections*, 385 F.3d 337, 341-42 (3d Cir. 2004); *Bishop v. Global Payment*

*Check Recovery Servs., Inc.*, No. Civ. 03-1018, 2003 WL 21497513 at *4 (D.

Minn. June 25, 2003) ("The FDCPA does not provide for equitable relief[.]").  The

Court concludes that injunctive relief is not appropriate.[5]

RECOMMENDATION

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1.    Defendant's motion to dismiss (Doc. No. 9), be **GRANTED IN PART**

and **DENIED IN PART** as follows:

_____

(Footnote Continued from Previous Page)
claim under 1692e.  Messerli has, instead, asked the Court to dismiss that
allegation for failure to state a claim.  (Def.'s Mem. 9-10.)  It would be logically
inconsistent to dismiss Smeby's 1692e(4) and 1692e(5) claims and
simultaneously dismiss Smeby's 1692f claim on grounds that such claims cannot
coexist in the same litigation.

[5]    Smeby argues for injunctive relief for her Minnesota state garnishment
actions. As the Court is dismissing those claims, it does not reach the argument
of whether injunctive relief is appropriate under the Minnesota garnishment
statutes.

      a.     The motion should be **GRANTED** to the extent it seeks

dismissal of Count I of the Amended Complaint;

      b.     The motion should be **GRANTED** to the extent it seeks

dismissal of Plaintiff's claim for injunctive relief; and

      c.     The motion should be **DENIED** in all other respects.


Date: April 7, 2015

                             *s/ Jeffrey J. Keyes*
                             JEFREY J. KEYES
                             United States Magistrate Judge


Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 21, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.